UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| WILLIAM C. KING, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 2:14-cv-00082 |
| | ) | Judge Sharp |
| v. | ) | |
| CANDY NORMAN, *et al.*, | ) | |
| Defendants. | ) | |

## **M E M O R A N D U M**

The plaintiff (#258469), an inmate at the Whiteville County Correctional Facility in Whiteville, Tennessee, brings this *pro se* action under 42 U.S.C. § 1983 against attorney Josh Heopiner, corrections officer Candy Norman, jail administrator Laurel Wasik, and jailer Evella Rich. (Docket No. 1). Norman, Wasik, and Rich are alleged to be employees of the Fentress County Sheriff's Department in Jamestown, Tennessee, where the plaintiff previously was incarcerated. (*Id.* at p. 1). All of the defendants are sued in their official capacities, and defendants Norman and Heopiner are also sued in their individual capacities. (*Id.*)

**I.       PLRA Screening of the Plaintiff's complaint**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* §

1

1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

The plaintiff seeks relief pursuant to § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327,

2

330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Here, the complaint alleges that, while incarcerated at the Fentress County Jail, plaintiff William King decided that he wanted to instruct his lawyer to file a motion to withdraw the guilty plea the plaintiff had entered on January 14, 2011. According to the complaint, the plaintiff asked defendant Rich if he could use the telephone to contact his lawyer. When Rich took the plaintiff to the jailer's desk to use the telephone, the plaintiff asked if he could speak to his lawyer privately. Rich did not give the plaintiff the option to use another telephone. The plaintiff alleges that, while he was talking with his lawyer, defendant Norman listened to the plaintiff's conversation and, at one point, "took the phone away from me . . . [and] told my lawyer to not withdraw the plea as I had instructed him." (Docket No. 1 ¶¶ 11-12). Norman told the plaintiff's lawyer "that she would take care of [the plaintiff]." (*Id.* ¶ 14). When the plaintiff asked his attorney if he would withdraw the plaintiff's guilty plea, the attorney told the plaintiff that "he would not go against Ms. Norman." (*Id.* ¶ 17).

Afterwards, Norman instructed Rich not to allow the plaintiff to call his lawyer again. The plaintiff filed grievances regarding Norman and Rich's behavior. Defendant Wasik was "over" the grievance system and never responded to the plaintiff's grievances.

On or about February 2, 2011, the plaintiff asked to use the telephone to call his lawyer and Norman would not permit it, even though other inmates were allowed to use the telephone to call anyone they wished.

The plaintiff's attorney, Josh Heopiner, never filed a motion to withdraw the plaintiff's guilty

3

plea.

In February of 2014, the plaintiff learned while speaking to a "legal aid" that the defendants may have violated the plaintiff's civil rights by preventing him from talking with his lawyer and by interfering with the plaintiff's desire to withdraw his guilty plea. *(Id.* ¶ 33).

### A. Access to the courts claims

The law is well settled that a prisoner has a First Amendment right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821-823 (1977). The right of access to the courts requires prison officials to ensure that inmates have access to the courts that is "adequate, effective and meaningful." *Id.* at 822. To ensure the meaningful exercise of this right, prison officials are under an affirmative obligation to provide inmates with access to an adequate law library, *Walker v. Mintzes*, 771 F.2d 920, 931 (6th Cir. 1985), or some alternative form of legal assistance, *Procunier v. Martinez*, 416 U.S. 396, 419 (1974)(overruled on other grounds by *Thornburgh v. Abbott*, 490 U.S. 401 (1989)). Meaningful access varies with the circumstances, and prison officials are accorded discretion in determining how that right is to be administered. *Bounds,* 430 U.S. at 830-31. However, it is not enough for plaintiff simply to claim that he was denied access to the courts, or that he did not have access to an adequate law library or to some alternate form of legal assistance. To state a claim on which relief may be granted, plaintiff must show that a defendant's conduct in some way prejudiced the filing or prosecution of a legal matter. *Walker*, 771 F.2d at 932; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

In this case, the plaintiff alleges that defendants Rich and Norman's conduct in preventing the plaintiff from speaking with his attorney privately and, later, from speaking with his attorney at all prejudiced the plaintiff's filing of a legal matter–specifically, a motion to withdraw his guilty

4

plea.[1] Consequently, the court finds that the plaintiff's allegations state a colorable claim for denial of access to the courts under the First Amendment to the United States Constitution against defendant Norman in her individual capacity.[2] As to the plaintiff's individual capacity claim against attorney Heopiner, the court is unable to determine from the current record whether Heopiner could be considered a state actor for purposes of Section 1983. As a result, attorney Heopiner will remain as a defendant at this time but may subsequently seek dismissal from this lawsuit, if appropriate.

### B. Official capacity claims

When a defendant is sued in his official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993).

Here, each defendant has been sued in his or her official capacity. Rich, Norman, and Wasik are all employees of the Fentress County Sheriff's Department. A claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision or custom promulgated by Fentress county or its agent. *Monell*, 436 U.S. 658, 690-691. In short, for Fentress County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

---

[1] To the extent that the plaintiff also asserts an access to counsel claim, and to the extent that such a claim is distinct from the plaintiff's access to courts claim, the court finds that the plaintiff's allegations state a viable claim. "'[T]he First Amendment protects the right of an individual or group to consult with an attorney on any legal matter.'" *ACLU Fund of Mich. v. Livingston County*, — F. Supp.2d —, 2014 WL 1977152, at *3 (E.D. Mich. May 15, 2014)(quoting *Denius v. Dunlap*, 209 F.3d 944, 954 (7th Cir. 2000)). "'[T]he right to obtain legal advice does not depend on the purpose for which the advice is sought.'" *Id.* Further, "[a] prisoner's interest in unimpaired, confidential communication with an attorney is an integral component of the judicial process . . . ." *Id.* at *4 (citing *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996)).

[2] The plaintiff did not sue defendant Rich in her individual capacity.

5

Attorney Heopiner's employment status is unknown at this time, but there is no allegation in the complaint that Heopiner's conduct in any way was connected to Fentress County.

The plaintiff offers nothing to suggest that his rights were violated pursuant to a policy or regulation of Fentress County. The court finds that the plaintiff has failed to state a claim upon which relief can be granted against the defendants in their official capacities. Those claims will be dismissed.

### C. Failure to respond to grievances

The plaintiff's claims against defendant Wasik are premised on her response, or lack of response, to the plaintiff's grievances and/or complaints. Although the plaintiff may feel that his grievances were not taken seriously or handled properly, a plaintiff cannot premise a § 1983 claim on allegations that the an institution's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective jail grievance procedure in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Since a prisoner does not have a constitutional right to an effective or responsive grievance procedure, the plaintiff's claims against defendant Wasik based on her to respond to plaintiff's grievances do not state a claim upon which relief can be granted. These claims will be dismissed.

Other than her alleged failure to respond to the plaintiff's grievances, the complaint does not identify any specific action that defendant Wasik allegedly took that might have given rise to the plaintiff's claims against her. A plaintiff "must allege how each defendant was personally involved in the acts about which the plaintiff complains." *Rizzo v. Goode*, 423 U.S. 362, 375 (1976).

Because the plaintiff has not alleged any other unconstitutional conduct on the part of defendant Wasik, the court must dismiss the Section 1983 claims against that defendant for failure to state claims upon which relief can be granted.

## II. Conclusion

As set forth above, the court finds that, with regard to his denial of access to the courts claim against defendants Norman and Heopiner in their individual capacities, the plaintiff has stated a colorable First Amendment claim under 42 U.S.C. § 1983.  28 U.S.C. § 1915A.

However, with regard to the remaining defendants and claims, the court must dismiss those claims and defendants for failure to state claims upon which relief can be granted.

An appropriate order shall be entered.

*Kevin H. Sharp*
Kevin H. Sharp
United States District Judge