IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. KING | ) | |
| | ) | |
| v. | ) | NO. 2:14-0082 |
| | ) | |
| CANDY NORMAN, et al. | ) | |

TO:   Honorable Kevin H. Sharp, Chief District Judge

# REPORT AND RECOMMENDATION

By Order entered September 18, 2014 (Docket Entry No. 4), this civil action was referred to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72 (b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

The plaintiff filed this action pro se and in forma pauperis on August 29, 2014, while an inmate at the Whiteville County Correctional Facility in Whiteville, Tennessee. He brought the action against several Defendants under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred at the Fentress County Jail in 2011. In the order of referral, the Court found that the plaintiff had alleged a colorable constitutional claim against Defendants Candy Normand and Josh Heopiner that was sufficient to survive review under 28 U.S.C. § 1915A and directed that the Clerk send the plaintiff service packets (a blank summons and USM 285 form) for the two defendants. The plaintiff was directed to complete the service packets and return them to the Clerk's Office within

twenty (20) days of receipt of the Order. The plaintiff was forewarned in the Order that his failure to return the service packets within the time frame could jeopardize his prosecution of the action.

To date, the plaintiff has not returned completed service packets to the Clerk's Office as directed by the Court and has not shown that the defendants have been served with process. The only action taken by the plaintiff in the action is his filing of a change of address notice on October 8, 2014. See Docket Entry No. 7.

Rule 4(m) of the Federal Rules of Civil Procedure requires that the Defendants be served with process within 120 days of the date this action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "shall dismiss" the action without prejudice. It is also well settled that Federal trial courts have the inherent power to manage their own dockets, Link v. Wabash R.R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. See Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980). The plaintiff's failure to return service packets for the Defendants as directed by the Court evidences a lack of interest in prosecuting this action and a disregard of the order of the Court. Further, the action cannot proceed in the absence of returned service packets from the plaintiff. Given the plaintiff's apparent lack of interest in the action and his failure to take the steps necessary to serve the defendants with process or prosecute the action in any manner, the Court finds that dismissal of the action is warranted.[1]

---

[1] This Report and Recommendation provides notice to the plaintiff of the Court's intention to sua sponte dismiss the action under Rule 4(m), and the fourteen day period for filing objections provides the plaintiff with the opportunity to show good cause for why the Defendants have not been served and why the action should not be dismissed.

# R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge