IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| WILLIAM C. KING | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | NO. 2:14-0082 |
| | ) | |
| CANDY NORMAN, et al | ) | |

TO:  Honorable Kevin H. Sharp, Chief District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered September 18, 2014 (Docket Entry No. 4), this civil action was referred to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72 (b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending are the separate motions to dismiss filed by Defendant Josh Hoeppner (Docket Entry No. 19) and Defendant Candy Norman (Docket Entry No. 21). Plaintiff has filed a single response in opposition to both motions. *See* Docket Entry No. 27. For the reasons set out below, the Court recommends that the motions be granted and this action be dismissed.

## I. BACKGROUND

Plaintiff filed this action *pro se* and *in forma pauperis* on August 29, 2014, against several Defendants seeking monetary relief under 42 U.S.C. § 1983 for violations of his constitutional rights

alleged to have occurred in 2011.¹ Plaintiff alleges that, while incarcerated at the Fentress County Jail in 2011, he attempted to contact Josh Hoeppner ("Hoeppner"),² who was his criminal defense attorney at the time, to instruct Hoeppner to file a motion to withdraw the guilty plea Plaintiff had entered on January 14, 2011. Plaintiff alleges that Jail Officer Candy Norman ("Norman") interfered with this call by listening to the conversation, taking the phone and instructing Hoeppner to not file the motion, and telling Hoeppner that she would "take care of [Plaintiff.]" *See* Complaint (Docket Entry No. 1) at ¶¶ 11-14. Plaintiff further alleges that Norman then instructed other Jail staff to not allow Plaintiff to use the telephone in the future. Plaintiff alleges that Hoeppner did not file a motion to withdraw Plaintiff's guilty plea.

In the order of referral, the Court found that Plaintiff had alleged colorable constitutional claims under the First Amendment against Defendants Norman and Hoeppner that were sufficient to survive review under 28 U.S.C. § 1915A. After being eventually served with process, *see* Docket Entry Nos. 13, 17, and 18, Defendants filed the pending motions to dismiss in lieu of answers.

Defendant Hoeppner raises several arguments for dismissal of Plaintiff's claims: 1) there is no basis for official capacity claims against Hoeppner;³ 2) there are no facts supporting a claim that Hoeppner had any personal participation in the alleged constitutional violations; 3) as an appointed criminal defense attorney, Hoeppner is not liable under 42 U.S.C. § 1983; and 4) Plaintiff's claims are barred by the applicable statute of limitations. *See* Memorandum in Support (Docket Entry

---

¹ Plaintiff filed his lawsuit while incarcerated at the Whiteville County Correctional Facility, but he has subsequently been released. *See* Change of Address Notice (Docket Entry No. 7).

² Plaintiff incorrectly identified this Defendant as "Heopiner" in the Complaint. *See* Docket Entry No. 20 at 1.

³ The Court notes Plaintiff's official capacity claims were dismissed by the Court in its initial review of the Complaint. *See* Docket Entry No. 4, at 3.

No. 19). Defendant Norman seeks dismissal based only upon the argument that Plaintiff's claims are barred by the applicable statute of limitations. *See* Memorandum in Support (Docket Entry No. 22).

In response, Plaintiff asserts that he "was not aware or even sure" that Defendants had violated his constitutional rights until early 2014 when he spoke with a legal aide while incarcerated at the Whiteville County Correctional Facility about the events that are set out in the Complaint. *See* Response (Docket Entry No. 27) at 1. He argues that "justice" should allow his claims to proceed to a jury. *Id*.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of a *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, Plaintiff must provide the grounds for the entitlement to relief sought and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. *Twombly*, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a

3

motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. *Id.*; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. *See Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000), *abrogated in part on other grounds*, *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res.*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." *Iqbal*, 566 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

### III. CONCLUSIONS

In light of the facts alleged in the Complaint and the parties' filings on the motions to dismiss, the Court finds that Plaintiff's lawsuit brought under Section 1983 is barred by the statute of limitations and should be dismissed in its entirety for that reason alone.[4]

Congress did not establish a limitations period applicable to civil rights actions under 42 U.S.C. § 1983; therefore, federal courts look to analogous state statutes of limitations to

---

[4] In addition to the statute of limitations defense, any claims against Defendant Hoeppner also warrant dismissal because he did not act under color of state law, which is an essential element for all claims brought under Section 1983. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1732-33, 56 L.Ed.2d 185 (1978). Attorneys do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Stamper v. Bouldin*, 2002 WL 311119693, 46 Fed. Appx. 840, 841 (6th Cir. Sept. 24, 2002).

determine the applicable statute of limitations. *See Wilson v. Garcia,* 471 U.S. 262, 268-71, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Southerland v. Hardaway Mgmt. Co., Inc.*, 41 F.3d 250, 253 (6th Cir. 1995). For all Section 1983 actions, federal courts apply the personal injury statute of limitations which would apply under state law. *See Wilson*, 471 U.S. at 280; *Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). The statute of limitations for personal injury arising in Tennessee and brought under civil rights statutes is one year. *See* Tenn. Code Ann. § 28-3-104(a)(3); *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997); *Jackson v. Richards Med. Co.*, 961 F.2d 575, 578 (6th Cir. 1992); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). Accordingly, Plaintiff's claims must have been brought within one year of the accrual of the claims. *See Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Merriweather*, *supra*. Claims accrue and the statute of limitations period begins to run when Plaintiff knows or has reason "to know of the injury which is the basis of his action." *Roberson*, *supra*; *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

The events at issue occurred in February 2011, and Plaintiff was clearly aware of these events and the injuries he suffered at that time. However, Plaintiff did not file his lawsuit until August 29, 2014, more than three years after these events. Thus, his lawsuit is untimely.

Although not stated as such, Plaintiff's argument that he was unaware that he had a civil rights claim to file until talking to a legal aide in 2014 implicates equitable tolling. However, the doctrine of equitable tolling is to be applied sparingly, *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001), and typically applies "only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). *See Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010).

5

Plaintiff bears the burden of demonstrating that he is entitled to equitable tolling. *McClendon v. Sherman*, 328 F.3d 490, 494 (6th Cir. 2003). Plaintiff has not met this burden. Neither Plaintiff's *pro se* status nor his lack of knowledge of the legal basis for his claims are sufficient to warrant equitable tolling. *See Cheatom v. Quicken Loans*, 587 Fed.App'x 276, 281 (6th Cir. 2014); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Godspower v. Arnold*, 2014 WL 4347619, at *2 (M.D. Tenn. Aug. 29, 2014) (Trauger, J.)

# R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that the motion to dismiss of Defendant Josh Hoeppner (Docket Entry No. 19) and the motion to dismiss of Defendant Candy Norman (Docket Entry No. 21) be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge